Filed 6/30/15  In re E.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re E.W., a Person Coming Under the Juvenile Court Law. | C077534 |
| THE PEOPLE, | (Super. Ct. No. JV135935) |
| Plaintiff and Respondent, | |
| v. | |
| E.W., | |
| Defendant and Appellant. | |

The minor E.W. appeals following the juvenile court's order terminating her nonwardship probation pursuant to Welfare and Institutions Code section 725, subdivision (a), and declaring her a ward of the court.[1]  Her contention on appeal is that the juvenile court violated her statutory and due process rights when it issued the above order without providing her notice or a contested hearing.

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

We conclude the juvenile court properly terminated the minor's nonwardship probation but that it erred when it subsequently declared her a ward of the court without providing the requisite contested dispositional hearing.  Therefore, we affirm the juvenile court's order revoking the minor's nonwardship probation, but we reverse the juvenile court's order declaring the minor a ward of the court and placing her on probation, and remand the matter for a contested dispositional hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

In a juvenile wardship petition filed March 4, 2014, pursuant to section 602, subdivision (a), it was alleged the minor had brought a knife to school (Pen. Code, § 626.10, subd. (a)) and had twice been cited for fare evasion (Pen. Code, § 640, subd. (c)(1)).

On April 2, 2014, the minor admitted possessing a knife at school, which was deemed by the juvenile court to be a misdemeanor, and the juvenile court deemed the minor a person described in section 602 and placed her on probation for a period of six months pursuant to section 725, subdivision (a).  The conditions of her probation required the minor to complete 30 hours of community service within five months, and to complete an alcohol/drug assessment and any counseling deemed necessary as a result of the assessment.  The juvenile court notified the minor she must provide proof of completion of the probation conditions at the compliance review hearing scheduled for September 15, 2014, and stated, "[w]hat's going to happen [at the hearing] is if you've done your community service, your counseling, no other issues [*sic*] you will be off probation and good to go."

At the September 15, 2014, compliance review hearing, the minor reported she had completed 14 of the 30 ordered hours of community service and had not completed the alcohol/drug assessment, but minor's counsel was hopeful the minor would obtain the assessment prior to the October 2, 2014, deadline.  At the request of minor's counsel, the juvenile court continued the compliance review hearing to September 29, 2014, but the

2

juvenile court advised the minor that "[t]ime is running out" and to "[g]et this done" if she wanted the case dismissed.

At the continued hearing, the minor provided proof that she had completed all required community service, but counsel conceded the minor still had not completed the alcohol/drug assessment. Minor's counsel indicated the minor had attempted to schedule the assessment but had not heard back from the scheduling authority. Minor's counsel asked that the minor's probation be preliminarily revoked and that a continued hearing be scheduled "in a couple months" to determine whether the assessment had been completed. The juvenile court noted that the six-month probation period had nearly expired and that the minor had not even begun the assessment. The prosecution objected and requested the minor be adjudged a ward of the court for the purpose of completing the assessment and any counseling, noting the previously ordered six-month period was statutory and that the minor had not established that she would be able to complete the assessment or any required counseling within that period. Minor's counsel argued the minor was entitled to a hearing to determine if wardship is in the minor's best interests prior to her being adjudged a ward of the court.

Over counsel's objection, the juvenile court found the minor had failed probation, revoked the minor's probation, and adjudged her a ward of the court pursuant to the same terms and conditions previously imposed.

## DISCUSSION

Section 725, subdivision (a), provides that "[i]f the court has found that the minor is a person described by Section 601 or 602 . . . it may, without adjudging the minor a ward of the court, place the minor on probation . . . for a period not to exceed six months. . . . If the minor fails to comply with the conditions of probation imposed, the court may order and adjudge the minor to be a ward of the court." The effect of awarding the minor nonwardship probation is to halt the wardship proceedings. (*In re Deon W.* (1998) 64 Cal.App.4th 143, 146-147 (*Deon W.*).) If the minor fails to perform satisfactorily, the

3

juvenile court may reinstitute the wardship proceedings. (*Id.* at p. 147.) Once the juvenile court elects to proceed with reinstituting wardship proceedings, the minor is entitled to an evidentiary hearing, if requested, on whether she violated the terms of probation and a dispositional hearing, including notice, an opportunity to present evidence, and a current social study. (§ 706; Cal. Rules of Court, rule 5.785; *Deon W.*, at pp. 146-147.)

Here, the minor contends she was not afforded an opportunity to establish she had not violated her nonwardship probation, and was not afforded a proper dispositional hearing. The People contend the minor had notice and a hearing that substantially complied with procedural requirements, and even if the court erred, the error was not prejudicial. We conclude the minor has forfeited her contention regarding the termination of her probation, but that she was denied an evidentiary hearing regarding whether wardship and probation was an appropriate disposition.

## A. Revocation of Probation

The minor contends that nonwardship probation pursuant to section 725, subdivision (a), "does not automatically revoke," so the juvenile court should have afforded her a hearing prior to terminating her probation so that she could present a defense as to why she had not complied and to receive evidence to support the finding that she had violated probation. However, the minor did not request such a hearing in the juvenile court. Rather, minor's counsel indicated the minor had attempted to schedule the required alcohol/drug assessment but had not yet done so, asked the juvenile court to preliminarily revoke probation, and to order the parties to "come back in a couple months" to determine whether the minor had complied because "[s]he wouldn't have met the terms and conditions within time." Though minor's counsel did request an evidentiary hearing, it was to determine if wardship was in the minor's best interests, not

4

to determine whether the minor had violated her probation.[2]  Therefore, the minor has forfeited this contention.  (See *In re Christopher S.* (1992) 10 Cal.App.4th 1337, 1344 [procedural errors, even those implicating constitutional rights, may not be raised for the first time on appeal] (*Christopher S.*); see also *In re Sheena K.* (2007) 40 Cal.4th 875, 880-885 (*Sheena K.*).)  In any event, there was substantial compliance with the evidentiary hearing requirement based on not one, but two compliance review hearings for which the minor was given notice and an opportunity to present evidence of compliance with the probationary terms and conditions.

### B.  Disposition

The minor contends she was entitled to a contested disposition hearing, including notice, an updated social study, and an opportunity to present evidence, prior to being adjudged a ward of the court.  We conclude the minor forfeited her contentions that she lacked notice and that no current social study was prepared or considered prior to the court's dispositional order.  But the juvenile court did prejudicially err by failing to afford the minor an evidentiary hearing, as requested, to determine whether wardship was in her best interest.

---

[2] The minor's counsel argued to the court that "[s]he's entitled to a hearing before we adjudge her a ward.  In the alternative I would ask to put this over for a settlement conference because the 725(a) doesn't automatically revoke.  She's entitled to a hearing before wardship is determined to be in her best interest."  When the trial court asked why there was a need for a settlement conference since the statute provides for a "six month hard deadline," counsel replied, "But nowhere in 725 does it say automatically if you don't complete this within time, you agree to be adjudged a ward of the court.  She's entitled to a hearing.  So at a minimum if we don't want to put it over for settlement, we can put it over for a hearing."  Thus, while counsel mentioned that nonwardship probation pursuant to section 725, subdivision (a), does not "automatically revoke," counsel did not request a revocation hearing.  Instead, as alternative to a dispositional hearing, counsel asked for a settlement conference.

The minor claims she was entitled to notice and a current social study prior to the court adjudging her a ward of the court on September 29, 2014. However, the minor did not object on these bases below, but merely sought an evidentiary hearing. Therefore, these claims are forfeited. (See *Christopher S.*, *supra*, 10 Cal.App.4th at p. 1344; see also *Sheena K.*, *supra*, 40 Cal.4th at pp. 880-885.) In any event, the juvenile court substantially complied with the notice requirement because the minor was on notice that if she failed probation, she could be adjudged a ward of the court, and the juvenile court had already found her to be a minor described in section 602, subdivision (a). It also substantially complied with the social study requirement because evidence of the minor's age, her social, personal, and behavioral history, the circumstances and gravity of her offense, her prior delinquent history, and potential appropriate dispositional recommendations were before the juvenile court. In the absence of prejudice, the juvenile court's order will not be set aside. (See *In re Eugene R.* (1980) 107 Cal.App.3d 605, 615.) Here, the minor has not shown she suffered prejudice as a result of not receiving notice or an updated social study, and we conclude it is not reasonably probable she would have received a more favorable result had either been provided. (*Id.* at p. 615; *People v. Watson* (1956) 46 Cal.2d 818, 836.) Therefore, the minor has not established error on these bases.

However, the juvenile court is required to provide the minor with a contested dispositional hearing after terminating nonwardship probation and before declaring her a ward of the court (*Deon W.*, *supra*, 64 Cal.App.4th at p. 147), and the minor repeatedly requested one to provide evidence that wardship was not in her best interest. Minors have the right to present evidence at the dispositional hearing. (§ 706; Cal. Rules of Court, rule 5.785(b); *In re Shannon B.* (1994) 22 Cal.App.4th 1235, 1246-1247.) And contrary to the People's contention otherwise, we cannot say that the failure of the juvenile court to provide the minor with an opportunity to present that evidence was not prejudicial. Therefore, we conclude the juvenile court erred in failing to provide the

6

minor with a contested dispositional hearing to determine whether wardship and further probation was in the minor's best interest.

## DISPOSITION

The judgment (order revoking probation and instituting wardship) is affirmed in part and reversed in part.  We affirm the juvenile court's order revoking probation, but we reverse the court's order instituting wardship, and remand for a contested dispositional hearing.


        MURRAY        , J.


We concur:


     NICHOLSON     , Acting P. J.


     HOCH         , J.